UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WARDELL COLEMAN**                                                                                             **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 3:06-CV-7-H**

**COMMONWEALTH OF KENTUCKY**                                                            **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, Wardell Coleman, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Kentucky (DN 1). This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Coleman's complaint is vague and confusing. It appears to allege that in 1973, while in his apartment in Louisville, Kentucky, Coleman was served with a fugitive warrant. He alleges that in the fall of 1973, he was held at the "Louisville County Jail" without a lawyer or bail or evidentiary hearing. He further alleges that, after "months of confinement," he was handed over to Indiana authorities. He attaches to his complaint a document entitled "Application for Requisition of Wardell Coleman" by the Director of the Division of Probation and Parole for

Franklin County, Kentucky, which he alleges to be a false warrant for his requisition. That document states that Coleman had been convicted in Jefferson County, Kentucky, of armed robbery and had, thereafter, failed to abide by the terms of his parole. The document is not dated.

Coleman's complaint further alleges that the Commonwealth of Kentucky forged the warrant and "updated" it to follow him for over 30 years. He also alleges that the Commonwealth's introduction of that warrant "beyond the United States Western District Court's March 19, 1991, order disclose[d] subversion in the M C C Chicago Federal Bureau of Prison" and caused him to be moved from the discharge section of the building to the "hold-over" center "for another 15 years after the United States Western District's call for [his] release." Coleman asks this court to hold the Kentucky Department of Corrections "[i]n contempt of the March 19, 1991, United States Court Order" and award his bank account back to him with the "true balance" and interest, which he alleges to be $12,060. He also asks for damages in the amount of $406,260. Coleman does not explain what was contained in the March 19, 1991, order.

## II. ANALYSIS

Coleman only names as defendant the Commonwealth of Kentucky. The Court lacks subject matter jurisdiction over Coleman's claims against the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST., amend. XI.  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.

Because Coleman's claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Attorney General, Commonwealth of Kentucky

4412.009