UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WARDELL COLEMAN**                                                                              **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:06-CV-7-H**

**COMMONWEALTH OF KENTUCKY**                                   **DEFENDANT**

**MEMORANDUM AND ORDER**

By Order dated May 23, 2006, this Court dismissed the plaintiff's, Wardell Coleman, complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction based on Eleventh Amendment immunity. Coleman has now filed a motion entitled "Motion to Re-Hear" (DN 7).

The Federal Rules of Civil Procedure do not provide for motions for rehearing. However, the Court will construe Coleman's motion as a motion for relief from judgment, pursuant to FED. R. CIV. P. 60(b). *See Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir.1995) (post-judgment motion filed more than ten days after entry of judgment is construed as a Rule 60(b) motion). Rule 60(b) provides, in part:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Coleman's motion for rehearing essentially reiterates, often word for word, his complaint. His motion does not address the Court's reason for dismissing his complaint, *i.e.*,

that this Court lacks jurisdiction over the only named defendant, the Commonwealth of Kentucky, under the Eleventh Amendment to the U.S. Constitution, which prohibits the bringing of a suit against a State absent the State's consent.  As stated in the Memorandum Opinion of this Court, Coleman's suit does not fall into any of the exceptions to the Eleventh Amendment prohibition against suits against a State in federal court, and his motion to rehear does not argue to the contrary.  Thus, Coleman's Motion to Re-Hear does not identify any reason that he would be entitled to relief from the final judgment of this Court.

   Therefore, **IT IS ORDERED** that Coleman's Motion to Re-Hear (DN 7) is **DENIED**.

Date:

cc:  Plaintiff, *pro se*
   Attorney General, Commonwealth of Kentucky

4412.009